UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUGGER<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | No.  2:23-cv-1057 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former federal inmate proceeding pro se who filed this civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act, the Americans with Disabilities Act, the Rehabilitation Act, and state law.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

1

an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the Complaint

The complaint alleges that defendants Thompson, Bouleware, Brown, Allred, and the United States violated plaintiff's rights under the Eighth Amendment, Americas with Disabilities Act (ADA), and Rehabilitation Act (RA) and also committed several state torts against him. ECF No. 1. Specifically, plaintiff alleges that on August 10, 2021, while incarcerated at FCI-Herlong, he was walking past a cell door when the door swung open and hit his left hand. Id. at 8. His left hand, including his wrist and fingers, immediately swelled and he could not move it without feeling extreme pain. Id. Plaintiff told the unit officer about the accident and injury, but the officer refused to call the medical department and told plaintiff to instead put in a sick call slip. Id.

From September to November of 2021 the prison was on total lockdown because of an outbreak of COVID cases, resulting in all inmates being locked in their cells twenty-four hours a day except for showers. Id. at 9. During this time plaintiff submitted multiple sick call slips, emails, and in-person requests concerning the injuries and pain in his left hand and requesting that

someone see him but none of them were answered and no one from the medical department came to see or examine him. Id. Plaintiff also repeatedly notified Brown, Bouleware, and Thompson, who came to plaintiff's unit regularly during the lockdown, that he needed medical attention, that he was in pain, that he could not use his left hand, and that medical would not respond to his requests. Id. at 9-10. Thompson told plaintiff he would look into it, but nothing was done. Id. at 10.

On November 25, 2021, plaintiff saw Allred, the prison doctor. Id. Allred acknowledged receiving several of plaintiff's sick call slips about his left hand, but stated he had been too busy to see him. Id. Allred then examined plaintiff's hand and told him it was obviously fractured and dislocated in several areas and that he would immediately schedule plaintiff with an orthopedic surgeon. Id. Plaintiff was seen by an outside doctor on February 9, 2022, and was told that his hand had healed with a fracture and dislocation in his left thumb and wrist area, resulting in deformity and permanent damage. Id. at 10-11. The doctor further explained that plaintiff would need surgery to alleviate the pain and reduce the arthritis that would spread through the wrist and possibly into his arm but that even with surgery he would have significant loss of range and use of his hand due to the extensive delay. Id. at 11.

In April 2022, plaintiff's left hand started to swell on a regular basis and he suffered from increased pain and periods of numbness lasting from a couple hours up to three days. Id. at 12. Near the end of April 2022, plaintiff started going to morning sick call to let medical staff know about the pain, numbness and swelling, but as of the date of the complaint, Allred has not seen plaintiff despite the pain and numbness worsening daily. Id.

Finally, plaintiff asserts that he is handicapped and defendants have failed to provide him with physical therapy and accommodations such as a brace and an accessible toilet, shower, and sink. Id. at 16.

III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that to the extent plaintiff is claiming inadequate medical care in violation of the Eighth Amendment, he has properly stated a claim for relief under Bivens against Thompson, Bouleware, Brown, and

1  Allred.  See Carlson v. Green, 446 U.S. 14, (1980) (damages available under the Eighth

2  Amendment for failing to provide adequate medical treatment).  He has also stated a claim for

3  relief against the United States under the Federal Tort Claims Act (FTCA) based on Thompson,

4  Bouleware, Brown, and Allred's conduct.

5       IV.   Failure to State a Claim

6       However, the allegations in the complaint do not state any claims for relief under state

7  law, the ADA, or the RA.  With respect to the state law claims, "[t]he United States is the only

8  proper defendant in an FTCA action," Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995)

9  (per curiam) (citation omitted), and an action under the FTCA is the exclusive remedy for

10 plaintiff's claims other than those based on violations of the United States Constitution, 28 U.S.C.

11 § 2679(b) (remedy against the United States under the FTCA for personal injury based on

12 conduct of government employee acting within the scope of their employment is exclusive

13 remedy for damages except for actions based on violations of the United States Constitution).  In

14 other words, the FTCA bars plaintiff's state law claims against the individual defendants.

15      With respect to plaintiff's ADA claim, Title II of the ADA does not apply to the federal

16 government, its agencies, and its employees, and plaintiff therefore cannot state a viable ADA

17 claim.  Clagett v. Woodring, No. 08-cv-6251 JFW MAN, 2008 WL 11461743, at *4 (C.D. Cal.

18 Oct. 28, 2008) ("[T]he definition of 'public entity' set forth in Title II of the ADA does not

19 include the federal government.  This statutory language has been held to clearly establish that

20 Title II of the ADA is inapplicable to the federal government, its agencies, and its officers and

21 employees." (collecting cases)); see also 42 U.S.C. § 12131(1) (defining public entity).  He also

22 fails to state a claim under § 504 of the RA because the federal government is immune from

23 monetary damages, see Lane v. Pena, 518 U.S. 187 (1996) (§ 504 of the Rehabilitation Act does

24 not waive the federal government's sovereign immunity from monetary damages), and any claim

25 for injunctive relief is moot since, as noted above, the record reflects that plaintiff has been

26 released from custody, see Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's

27 release from prison while his claims are pending generally will moot any claims for injunctive

28 relief relating to the prison's policies unless the suit has been certified as a class action.).

### III. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, plaintiff's state law claims, as well as his claims under the ADA and RA fail to state claims upon which relief may be granted and that given the nature of the claims, amendment would be futile. These claims should therefore be dismissed without leave to amend.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your state law claims against Thompson, Bouleware, Brown, and Allred be dismissed for failure to state a claim because the FTCA bars the state law claims against these defendants. Your claims under the ADA and RA should be dismissed because the ADA does not apply to any of the defendants, the government is immune to damages under the RA, and any claim for injunctive relief under the RA is moot because you are no longer incarcerated at FCI-Herlong.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Service is appropriate for defendants United States of America, Thompson, Bouleware, Brown, and Allred.

3. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed June 5, 2023.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

   c. One completed USM-285 form for each of the following defendants: United States of America, Thompson, Bouleware, Brown, and Allred; and

   d. Six copies of the endorsed complaint filed June 5, 2023.

 5. Plaintiff should not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

 6. Failure to return the documents within the time permitted, will result in a recommendation that this action be dismissed for failure to prosecute based on Rule 41(b) of the Federal Rules of Civil Procedure.

 7. The Clerk of the Court shall randomly assign a United States District Judge to this action.

  IT IS FURTHER RECOMMENDED that the Americans with Disabilities Act and Rehabilitation Act claims against all defendants and the state law claims against defendants Thompson, Bouleware, Brown, and Allred be dismissed without leave to amend.

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DUGGER,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | No. 2:23-cv-1057 AC P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

      Plaintiff submits the following documents in compliance with the court's order filed _____:

      \_\_\_\_1\_\_\_\_      completed summons form

      \_\_\_\_5\_\_\_\_      completed forms USM-285

      \_\_\_\_6\_\_\_\_      copies of the complaint

DATED:

                                                          _____
                                                                            Plaintiff